IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JORGE LUIS GONZALEZ ARANDA,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-563-KC** |
| **PAM BONDI et al.,** | § § § | |
| **Respondents.** | § § | |

## ORDER

On this day, the Court considered Jorge Luis Gonzalez's Petition for a Writ of Habeas Corpus, ECF No. 3.  Gonzalez Aranda is detained at the El Paso Camp East Montana Detention Center in El Paso, Texas.  *Id.* ¶ 1.  He argues that his detention is unlawful and asks the Court to order his release.  *Id.* ¶¶ 19–33.

Gonzalez Aranda is a citizen of Cuba who entered the United States in 1995 as a political refugee.  *Id.* ¶ 11.  At some point he lost his lawful permanent resident status in connection with a criminal conviction, and, in 2001, was ordered removed.  *Id.* ¶¶ 12–13.  Gonzalez Aranda was then released and has "been on supervision with DHS for over twenty-four years."  *Id.* at 1.  On November 28, 2025, Gonzalez Aranda was re-detained.  *Id.* ¶ 15.  According to Gonzalez Aranda, "ICE has been unable to remove [him] to Cuba or any other country."  *Id.* ¶ 17.  This is because "there is no repatriation agreement between the United States and Cuba for political refugees such as [Gonzalez Aranda], and Cuba will not accept political refugee Cubans from the era that [he] arrived to the United States."  *Id.* ¶ 23.

On February 26, 2026, Gonzalez Aranda filed this Petition, challenging his continued detention on detention on statutory and constitutional grounds, and seeking his immediate

release.  *Id.* ¶¶ 19–33.  On February 27, the Court ordered Respondents to show cause why the Petition should not be granted.  Show Cause Order 3, ECF No. 2.

In answer to the Court's Show Cause Order, Respondents filed their Response, ECF No. 7.  In support, they attached the Declaration of Supervisory Detention and Deportation Officer Roberto Lopez ("Lopez Decl."), ECF No. 7-1.  According to Lopez, "[r]emoval to Cuba is evaluated on a 'case-by-case' basis" and Gonzalez Aranda's "probability of removal" to Cuba "is low."  *Id.* ¶ 5.  Respondents thus attempted to remove Gonzalez Aranda to Mexico.  *See id.* ¶ 6.  According to Lopez, Gonzalez Aranda requested removal to Mexico on November 20, 2025.  *Id.*  However, on December 8, when Respondents attempted to remove him via the CVNH program, he "declined to change into his assigned clothing and verbally expressed his refusal to be removed to Mexico."  *Id.*  On February 13, 2026, Gonzalez Aranda was transferred to Florence, Arizona for a second, unsuccessful, attempt at removal via CVNH.  *See id.*  Lopez stated that Gonzalez Aranda was scheduled for another removal to Mexico on March 9.  *Id.* ¶¶ 6, 8–9.  "If this attempt is unsuccessful, the Chicago Field Office will need to coordinate with Headquarters to identify a different third country for removal."  *Id.* ¶ 8.

Respondents were thus given until April 9 to provide a status report detailing (1) whether Gonzalez Aranda was removed to Mexico and, if so, the date of his removal, and if not, the expected timeline for his removal to Mexico, and any obstacles; (2) whether Headquarters had identified a third country, other than Mexico, for Gonzalez Aranda's removal, and if not, the expected timeline for identification; (3) if a third country had been identified, whether a travel document request was submitted to that country, and if not, the expected timeline for submission; and (4) if a travel document request was submitted, the date it was submitted and the country's response or the expected timeline for a response.  Mar. 9, 2026, Order, ECF No. 8.

On April 9, Respondents filed a Status Report, ECF No. 13, to which they attached the Second Declaration of Officer Lopez ("2d Lopez Decl."), ECF No. 13-1.  According to Lopez, the March 9 removal attempt to Mexico was also unsuccessful because Gonzalez Aranda refused to consent to be removed to Mexico.  2d Lopez Decl. ¶ 5.  Although a third country for removal had not been identified, Lopez stated that "[Enforcement Removal Operations ("ERO")] Headquarters is currently working on identifying a third country for repatriation for Cuba[n] nationals, such as [Gonzalez Aranda]."  *Id.* ¶¶ 6–7.  As for Gonzalez Aranda's potential removal to Cuba, Lopez provided that "[t]he Phoenix Field Office is currently waiting on nomination approval from the Government of Cuba."  *Id.* ¶ 8.  Lopez, however, had previously conceded that "the probability of [Gonzalez Aranda's] removal [to Cuba] is low."  Lopez Decl. ¶ 5.

The Court thus ordered Respondents to provide another status report by May 27 detailing (1) whether Cuba responded to the nomination request, and if not, the anticipated timeline for a response; (2) if Cuba approved the nomination request, the anticipated timeline for Gonzalez Aranda's removal; (3) whether ERO Headquarters identified a third country, other than Mexico, for removal, and if not, the expected timeline for identification; (4) if a third country was identified, whether a travel document request was submitted to that country, and if not, the expected timeline for submission; and (5) if a travel document request was submitted, the date it was submitted and the country's response or the expected timeline for a response.  Apr. 13, 2026, Order, ECF No. 14.  The Court determined that, "because Cuba [had] not yet denied Gonzalez Aranda repatriation and Respondents [were] taking some efforts to identify a third country for removal," a status report was appropriate.  *Id.* at 2.  But noted that it appeared that Gonzalez Aranda could not be removed to Mexico and his removal to Cuba was unlikely.  *Id.*  The Court

warned Respondents that they "must continue to take concrete steps towards Gonzalez Aranda's removal." *Id.*

Respondents have now filed an Advisory, ECF No. 15, to which they attach the Third Declaration of Officer Lopez ("3d Lopez Decl."), ECF No. 15-1. Lopez states that "Cuba has not responded to the nomination request for Gonzalez Aranda." 3d Lopez Decl. ¶ 5. And that, Gonzalez Aranda "is scheduled for removal to Mexico later this week." *Id.* ¶ 6. He does not, however, state whether Gonzalez Aranda has consented to be removed to Mexico. *See generally id.* The Court takes judicial notice, on the basis of Respondents' representations in other habeas proceedings in this Court, that they cannot remove Gonzalez Aranda to Mexico without his consent. As for countries other than Mexico for Gonzalez Aranda's removal, Lopez does not provide any information regarding efforts to identify a third country. *See generally id.*

In sum, Gonzalez Aranda has been detained for six months. Pet. ¶ 15. He previously was deemed unremovable to Cuba, and Cuba has not responded to Respondents' renewed nomination request, which approval of Respondents admit is unlikely. *See id.* at 1; 3d Lopez Decl. ¶ 5; Lopez Decl. ¶ 5. Thus, it appears that he cannot be removed to Cuba. As for Mexico, Gonzalez Aranda has refused to consent to be removed to Mexico at least three times over the course of several months, which would indicate that he cannot be removed to Mexico either. *See* Lopez Decl. ¶ 6; 2d Lopez Decl. ¶ 5. And Respondents do not offer any information that would demonstrate why Gonzalez Aranda's scheduled removal to Mexico later this week will be any more successful than his previously scheduled removals. *See generally* 3d Lopez Decl.; Resp. Nor do Respondents provide any information regarding their efforts to identify a third country other than Mexico for removal, let alone a timeline to obtain travel documents from that country on Gonzalez Aranda's behalf. Therefore, the Court finds that Gonzalez Aranda has carried his

initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 689–90.  As for Respondents' burden, the Court affords Respondents a final opportunity to remove Gonzalez Aranda.  If Respondents are unable to remove him in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future.  *See id.*; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds.  *See id.*  The Court **ORDERS** that, **on or before June 12, 2026**, Respondents shall either (1) **REMOVE** Gonzalez Aranda from the United States through lawful means; or (2) **RELEASE** Gonzalez Aranda from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 12, 2026**, Respondents shall **FILE** notice informing the Court whether Gonzalez Aranda has been removed from the country. If Gonzalez Aranda has not been removed from the country, Respondents shall inform the Court whether Gonzalez Aranda has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the June 12, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 29th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE